RENDERED:  MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1568-ME

E.N.C.                                                                                               APPELLANT

v.

APPEAL FROM HOPKINS FAMILY COURT
HONORABLE SUSAN WESLEY MCCLURE, JUDGE
ACTION NO. 22-AD-00043

A.W.H.; A.N.K.H., A MINOR CHILD;
C.L.H.; D.W.H.; AND M.H.H.                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND TAYLOR, JUDGES.

ACREE, JUDGE:

## BACKGROUND:

Appellant E.N.C. ("Father") is the biological father of A.N.K.H.

("Child"), the subject of the underlying action.  Child's mother, K.J.H. ("Mother"),

passed away in September 2021 when Child was ten months old.  At the time,

Child's father was unknown, and no putative father was listed on the Putative

Father Registry with the Cabinet for Health and Family Services. The Cabinet placed Child with his maternal grandparents following Mother's death. However, because grandparents were advancing in years, Child began spending increasing time with his maternal aunt and uncle, A.W.H. and C.L.H., the Appellees in this action. Child now resides full-time with Appellees.

Mother and Father were never married and, according to Father, the two were merely friends and had no long-term romantic relationship. Mother told Father he may be the father of Child, but there was a possibility it could have been someone else.

During Mother's pregnancy, Mother and Father went shopping and he purchased items for Child on one occasion. Over the course of Child's life prior to the underlying litigation, Father made only one attempt to see Child. Outside these two situations, Father never developed a relationship with Child nor did he provide for him financially.

On October 26, 2022, Appellees filed a petition for Child's adoption. Father was subsequently adjudicated Child's biological father, and Appellees filed an amended Petition for Adoption wherein they sought an involuntary termination of Father's parental rights in accordance with Child's best interests.

An Involuntary Termination of Parental Rights trial was heard before the Hopkins Family Court on October 25, 2024. The court ultimately entered an

Order and Judgment, Findings of Fact, and Conclusions of Law Regarding

Termination of Father's Parental Rights in addition to a Judgment of Adoption.

Father now appeals. However, in accordance with *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361, 372 (Ky. App. 2012), Father's counsel filed an *Anders* brief attesting there were no meritorious issues to present to this Court, accompanied by a motion to withdraw as appellate counsel. The motion requesting to withdraw was passed to the merits panel, and despite being afforded an opportunity to do so, Father declined to file a *pro se* brief.

## ANALYSIS:

Kentucky law recognizes the method set forth in *Anders v. State of California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), as applied to termination of parental rights cases. *A.C.*, 362 S.W.3d at 371. When appointed counsel submits an *Anders* brief, we are required to "independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *Id*. at 372 (citation omitted).

A four-part test for involuntary termination of parental rights is set forth in KRS[1] 625.090, asking: (1) was the child abused or neglected as defined in KRS 600.020(1); (2) did the Cabinet, a child-placing agency, county or Commonwealth's attorney, or a parent file "a petition with the court pursuant to

---

[1] Kentucky Revised Statutes.

KRS 620.180 or 625.050"; (3) was termination of the parental rights in the child's best interests; and (4) was at least one of the enumerated termination grounds of KRS 625.090(2)(a)-(k) in existence? *See also Cabinet for Health and Family Servs. v. K.H.*, 423 S.W.3d 204, 209 (Ky. 2014). The court's findings must be supported by clear and convincing evidence. KRS 625.090(1).

With respect to the first factor, the Family Court found Father's failures "establish[ed] his purpose to forego all parental duties" and that he has "abandoned the child for a period of time in excess of ninety days prior to the filing of the petition." (Record (R.) at 231).

Factor two was also satisfied as the matter was before the court on a Petition for Adoption Without the Consent of the Biological Father, filed by the child's *de facto* custodians as required by KRS 403.270.

The court resolved factor three, the best interests of the child, in favor of termination. "[G]iven his limited knowledge and information about the child, the Father admitted that he does not know the child sufficiently to know what his best interests require. He stated that he would 'try to be a good father,' but that there was 'no proof that he will be "Father of the Year."'" (R. at 232). The Petitioners, on the other hand, have a relationship with the child such that he looks to them as though they are his parents. He is loved, supported, and cared for by Petitioners, which is in his best interests.

Finally, the court found two of the enumerated termination grounds of KRS 625.090(2)(a)-(k) to be present here. The two specifically applicable to Father's case provide:

> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;
>
> * * * *
>
> (g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child . . . .

KRS 625.090(2)(e), (g). As applied to both factors, the court found Father has not provided any care or financial support since the child's birth. He has consistently failed to offer funds or in-kind goods; he has never sent birthday or Christmas cards or gifts, nor has he provided clothing, supplies, medical care, or shelter. Although he has been incarcerated for portions of the child's life, he made no provision for the child's care or financial support during the periods he was not

-5-

incarcerated. He never remitted funds or in-kind items despite being employed as an underground coal miner with sufficient income.

Our thorough review of the record reveals no meritorious arguments available to Father on appeal. The Family Court complied with all statutory mandates, and its findings were supported by ample evidence, including testimony from the parties.

We accordingly AFFIRM the Hopkins Family Court's judgment of adoption and order terminating parental rights.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEES:

Bobby D. Murray                          Thresa Taylor Hinton
Providence, Kentucky                     Madisonville, Kentucky